**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 3:26cr109/TKW**

**JOHN MARTIN ELMORE**

______________________________/

## FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove the defendant is guilty of the counts of the Indictment to which the defendant is pleading guilty. The parties further agree that all of the following facts are true and correct and that not all of the facts known from or related to this investigation are contained in this brief summary.

## STATEMENT OF FACTS

On July 5, 2025, Okaloosa County Sheriff's Office (OCSO) deputies observed a white GMC SUV with illegally dark tint on the side windows and conducted a traffic stop. The defendant was the registered owner and sole occupant of the vehicle. While another law enforcement officer tested the vehicle's tint, an OCSO deputy deployed his K9 around the vehicle. The K9 alerted to the presence of narcotics, and



FILED IN OPEN COURT 10/14/26 [initials]
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

the defendant was removed from the vehicle. During a search of the vehicle, law enforcement officers located six (6) grams of methamphetamine and a glass smoking pipe with methamphetamine residue in the center console. During the traffic stop, the defendant's cell phone received four (4) separate back-to-back calls from a narcotics distributor. The defendant was arrested and his cell phone was seized. Law enforcement applied for and received a search warrant for the cell phone. During a review of the phone extraction, law enforcement located numerous messages between various subjects and the defendant regarding narcotics transactions. The incriminating messages dated back to mid-August 2024.

On April 14, 2026, OCSO deputies, using a radar to monitor speed, observed a white GMC SUV exceeding the posted speed limit. OCSO deputies conducted a traffic stop, and the vehicle was determined to be registered to the defendant. Upon approaching the vehicle, the OCSO deputy observed the driver, the defendant, to be shaking nervously. A second OCSO deputy arrived on scene and deployed his K9 around the vehicle while the defendant and the front seat passenger remained inside the vehicle. The K9 alerted to the presence of narcotics in the vehicle, both occupants were removed from the vehicle, and the vehicle was searched. Deputies located a glass smoking device with methamphetamine residence in the driver's side door pocket, as well as four black plastic bags containing a crystalline substance in the back seat of the vehicle behind the passenger's seat. The substance weighed

approximately 1,824 grams and field-tested positive for methamphetamine. Subsequent lab testing by the Drug Enforcement Administration confirmed the substance to be 1,756.3 grams of 100% pure methamphetamine. Law enforcement seized the defendant's cell phone from the vehicle and applied for a search warrant, which was granted. During a review of the cell phone extraction, OCSO investigators observed numerous communications, calls logs, photographs, and media files consistent with narcotics trafficking and the distribution of controlled substances. Additionally, during a review of the defendant's call logs on the date of the traffic stop, OCSO investigators noted numerous incoming and outgoing calls between the defendant and known narcotics traffickers.

The defendant admits that he agreed with others to distribute and possess with the intent to distribute methamphetamine, and that he knowingly and willfully joined in that plan. The defendant also admits that he knowingly possessed the methamphetamine and with the intent to distribute it. Further, the defendant agrees that methamphetamine weighed more than 50 grams and the mixture and substance containing methamphetamine weighed more than 500 grams.

## ELEMENTS

**Count One: Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine (21 U.S.C. § 846)**

*First*: two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to distribute and possess with the

intent to distribute methamphetamine or a mixture and substance containing methamphetamine;

*Second*: the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third*: the methamphetamine weighed more than 50 grams, or the mixture and substance containing methamphetamine weighed more than 500 grams.

**Count Two: Possession With Intent to Distribute Methamphetamine (21 U.S.C. § 841(a)(1))**

*First*: the Defendant knowingly possessed a mixture and substance containing methamphetamine;

*Second*: the Defendant intended to distribute the mixture and substance containing methamphetamine; and

*Third*: the methamphetamine weighed more than 50 grams, or the mixture and substance containing methamphetamine weighed more than 500 grams.

JOHN P. HEEKIN
United States Attorney

[signature] for
THOMAS S.P. GEEKER
Assistant United States Attorney

10/14/26
Date

[signature]
DONALD M. SHEEHAN
Attorney for Defendant

[signature]
JOHN MARTIN ELMORE
Defendant

9/29/26
Date